Kevin McDonough
Direct Dial: +1.212.906.1246
kevin.mcdonough@lw.com

1271 Avenue of the Americas
New York, New York  10020
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

**LATHAM & WATKINS LLP**

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

May 1, 2021

**VIA ECF**

The Honorable Madeline Cox Arleo
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:   *Pacira BioSciences v. American Society of Anesthesiologists, et al.*, Case No. 2:21-cv-9264

Dear Judge Arleo:

Pacira respectfully submits this letter brief in response to Defendants' Motion on Short Notice For A Case Management Conference, filed April 29, 2021 (ECF No. 26). Pacira concurs in Defendants' request for a case management conference, and consents to the short notice on which Defendants' Motion was filed, but opposes Defendants' proposed schedule.[1]

The parties agree on two important things: (1) that the parties are ready to address the merits of Pacira's trade libel claim and (2) to do so swiftly. The only difference in the parties' proposals is that Defendants request discovery and a preliminary injunction hearing now, while Pacira is seeking *final* resolution more efficiently. A preliminary injunction will not bring final resolution to the matter, so Defendants' proposal would presumably be followed by additional discovery and eventually a permanent injunction hearing. Since both parties want this resolved as soon as possible, Pacira proposes to forego consideration of a preliminary injunction and move directly to determination of a permanent injunction, with expedited discovery and determination. Discovery and briefing on damages would follow a resolution of the issues relating to liability.

Defendants contend that Pacira rejected their request for expedited discovery. ECF No. 26-1 at 1.[2] But Pacira did no such thing. In fact, Pacira responded suggesting that the parties move directly to determination of a permanent injunction, following expedited discovery from both parties, in order to expedite resolution of the matter. *See* Ex. 1 at 2-3. Defendants rejected Pacira's

---

[1] To be clear, to the extent Defendants' Motion does not do so, Pacira requests expedited treatment of the request for a Case Management Conference as well as an expedited Case Management Schedule.

[2] Defendants also suggest that they need more time since Pacira took "more than three months drafting its brief." ECF No. 26-1 at 1. However, Defendants have been on notice since at least February 2021, when Pacira informed them of its intent to take legal action to remedy their libel.

LATHAM&WATKINS LLP

proposal without explanation and proposed a schedule for addressing the preliminary injunction motion, the same as contained in their present letter brief. *Id.* at 1-2; ECF No. 26-1 at 4-5.

Notably, Defendants provide no explanation as to why they need discovery. *See* ECF No. 26-1 at 4-5. Indeed, Defendants should have had all information needed to support the statements prior to publication, and if they did not, should have caveated the articles accordingly or not published them at all. That Defendants think they need discovery to determine whether they committed trade libel speaks volumes. Yet, astonishingly, Defendants propose not just discovery, but *unilateral* discovery—allowing for only Defendants to take discovery and not Pacira. If discovery occurs, Pacira is, of course, equally entitled to discovery, particularly because Defendants' internal communications will inform Pacira's allegations of actual malice.

Further, if discovery occurs, Pacira proposes that the parties proceed immediately to argument on a permanent injunction so that final resolution of this matter can be reached as expeditiously as possible. In addition to the financial harm Pacira has already suffered from customers lost, EXPAREL's reputation has been irreparably damaged by Defendants' false statements. *See* ECF No. 4 at 53-59. Every day that the libelous articles remain in public circulation, EXPAREL's reputation is further damaged and the ability to undo the damage becomes more difficult. For example, other research has started to cite to these erroneous articles, making it harder to pull the information. But rather than spending months conducting discovery and briefing a preliminary injunction motion, which will not bring this case to conclusion, Pacira proposes consolidating its preliminary injunction motion with a hearing on the merits of the liability issues (not the damages issues) in order to bring this matter to a swift and final resolution. *See* Fed. R. Civ. P. 65(a)(2) ("[T]he court may advance the trial on the merits and consolidate it with the [preliminary injunction] hearing."). Given the reputational interests of *both* parties at stake in this case, *see* ECF No. 26-1 at 3, consolidation is an appropriate course for resolving the liability portion of this case.

Accordingly, Pacira respectfully requests that this Court enter the following schedule, which would permit expedited discovery from both parties, prior to briefing and a hearing on a motion for a permanent injunction to resolve any issues related to liability. At the conclusion of proceedings on the permanent injunction, the parties and Court can then address a schedule and process for discovery and adjudication of damages.

| Event | Deadline |
| --- | --- |
| Deadline to respond to Complaint | June 1, 2021 |
| Deadline to serve written discovery requests | June 15, 2021 |
| Deadline to respond to written discovery requests | June 22, 2021 |
| Deadline for substantial completion of document production | July 13, 2021 |

**LATHAM & WATKINS** LLP

| | |
|---|---|
| Completion of fact depositions | July 30, 2021 |
| Deadline to serve expert reports | August 13, 2021 |
| Deadline to serve rebuttal expert reports and close of discovery | August 27, 2021 |
| Motion for Permanent Injunction | September 20, 2021 |
| Opposition to Motion for Permanent Injunction | October 18, 2021 |
| Reply in Support of Motion for Permanent Injunction | November 1, 2021 |
| Hearing on Motion for Permanent Injunction | November 15, 2021 |

We thank the Court for its consideration of this request.

Respectfully submitted,

*s/ Kevin McDonough*

Kevin McDonough
of LATHAM & WATKINS LLP

cc:   All counsel of record