# MARINO, TORTORELLA & BOYLE, P.C.
### ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE
———
ROSEANN BASSLER DAL PRA*
EREZ J. DAVY*
WAN CHA
WILLIAM A. O'BRIEN

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

888 SEVENTH AVENUE, 9TH FLOOR
NEW YORK, NEW YORK 10019
TELEPHONE (212) 307-3700
FAX (212) 262-0050
e-mail: kmarino@khmarino.com

*OF COUNSEL

May 3, 2021

**VIA ECF**

Honorable Madeline Cox Arleo, U.S.D.J.
United States District Court
Martin Luther King, Jr. Federal
    Building & Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    *Pacira BioSciences, Inc. v. American Society of Anesthesiologists, Inc., et al.*
             Case No. 21-cv-9264-MCA-JSA

Dear Judge Arleo:

      Defendants respectfully submit this letter reply in further support of their Motion for a Case Management Conference and to object to the alternative schedule proposed by Plaintiff, Pacira BioSciences, Inc.'s ("Pacira"), in its May 1, 2021 letter opposition.

      Defendants' proposed case management schedule requests six weeks—until June 18, 2021—to respond to Pacira's motion for a preliminary injunction, which seeks a retraction and removal of the three at-issue scientific papers from the Anesthesiology website. Despite taking nearly four months to prepare that motion, Pacira would not agree to Defendants' proposed time frame (though Pacira did agree to provide Defendants some additional time for their opposition).

      With its May 1 letter opposition, Pacira abandons its initial request for "expedited determination" of its motion for a preliminary injunction (which it expressly sought in its Notice of Motion [ECF No. 3]). This is notable because Pacira represented to the Court in the opening paragraphs of its April 14 Moving Brief [ECF No. 3-1] that the motion was necessary "to stem the ongoing harm to its business … until Pacira's suit, including its request for a permanent injunction, can be adjudicated" and because Pacira "is and will continue to suffer irreparable harm unless the articles are retracted."

      Instead of getting a speedy resolution of its request for preliminary injunctive relief in just ten weeks, Pacira now purports to invoke Rule 65(a)(2) to ask the Court to convert its motion for a preliminary injunction into what it calls a "motion for a permanent injunction" that would not be heard for another 28 weeks—until mid-November. Under Pacira's proposal, this new motion would be decided on a new round of briefs, to be based on discovery the parties would commence and complete over the next few months.

      Although Pacira says its approach will "bring this matter to a swift and final resolution" (Letter at 2), it won't. That's because Pacira also proposes that these proceedings would be followed at some unknown future date by another trial at which "damages" would be considered.

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Madeline Cox Arleo, U.S.D.J.
May 3, 2021—Page 2

Rule 65(a)(2) recognizes no such procedures. In fact, neither Rule 65(a)(2) nor any other Rule recognizes a "motion" for permanent injunction. A permanent injunction is a remedy decided at trial. Rule 65(a)(2) permits the Court to advance the trial on the merits and consolidate it with the hearing on a motion for preliminary injunction. But here, Pacira is asking for two opportunities to try its claim on the merits. Like every other plaintiff, it is entitled to only one.

Defendants should not have to compromise their rights to prepare for and complete a trial (or two) on the merits just to get a few extra weeks and limited discovery necessary to properly and fully oppose Pacira's pending motion for a preliminary injunction. To set the record straight, Defendants have never objected to Pacira's deposing Defendants' declarants or cross-examining them at the hearing. Further, the argument that Defendants should be able to respond to Pacira's filing right away because Defendants know what they wrote is not well made. This is not a typical defamation case. Rather it is a challenge to scientific methods used to study a pain medication.

Defendants are entitled to sufficient time to present the record of scientific research and testimony that will defeat Pacira's claims. Defendants are also entitled to depose Pacira's witnesses to: (1) expose the fallacies in their declarations, (2) dispute Pacira's assertions that its fat-wrapped version of bupivacaine is superior to standard bupivacaine, and (3) show that Pacira and its version of the drug do not have a favorable reputation to protect or any interest that outweighs the core First Amendment interest in scientific debate that Pacira seeks to quash.

In reality, this lawsuit has nothing to do with whether there is any falsity—much less malice—in Defendants' work. There isn't any. Instead, Pacira filed this case as part of a public relations campaign to divert attention from the published scientific papers questioning the purported medical advantage of Pacira's drug. In doing so, it has maligned a group of highly distinguished doctors and scientists who are entitled to a fair opportunity to respond.

Defendants look forward to addressing these issues and responding to the Court's questions at a Case Management Conference to be held as soon as convenient for the Court.

Thank you for your consideration of this submission.

Respectfully submitted,

Kevin H. Marino

OF COUNSEL:

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Michael B. Carlinsky (*pro hac vice* pending)
F. Dominick Cerrito (*pro hac vice* pending)
Kaitlin P. Sheehan (*pro hac vice* pending)
Robert M. Schwartz (*pro hac vice* pending)