Kevin M. McDonough (#41892005)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
Tel: (212) 906-1200

Allen M. Gardner (*pro hac vice*)
Sarah M. Gragert (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
(202) 637-2200

*Attorneys For Plaintiff Pacira Biosciences, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PACIRA BIOSCIENCES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN SOCIETY OF ANESTHESIOLOGISTS, INC. et al.,<br><br>    Defendants. | Case No. 2:21-cv-09264 (MCA)<br><br>CIVIL ACTION<br><br>**ORDER GRANTING MOTION TO SEAL CERTAIN DOCUMENTS** |

1

This matter having been brought before the Court on Plaintiff Pacira Biosciences, Inc.'s ("Plaintiff") motion to permanently seal (ECF No. 51) certain portions of the Memorandum of Law in support of Plaintiff Pacira Biosciences, Inc.'s Motion for Preliminary Injunction [ECF No. 4] (the "Preliminary Injunction"), and certain exhibits of the Declaration of Sarah M. Gragert in support of Plaintiff Pacira Biosciences, Inc.'s Motion for Preliminary Injunction ("Gragert Declaration") [ECF No. 4-1], and the Court having fully considered Appendix A and the Declaration of Daryl Gaugler in support of Pacira Biosciences, Inc.'s Motion to Seal, and there being no opposition to the motion, and for good cause having been shown, the Court makes the following findings:

**THE COURT FINDS** in connection with the Preliminary Injunction and Gragert Declaration, Plaintiff filed certain materials under temporary seal and Plaintiff identified in Appendix A the materials or portions thereof that the Plaintiff seeks to keep permanently sealed ("Materials");

**THE COURT FURTHER FINDS** that, for the reasons set forth in Appendix A and its Supporting Declaration, permanent sealing of the Materials is necessary to protect the legitimate public or private interests of the Plaintiff including, without limitation, proprietary or other commercially sensitive business information, as well as the interests of nonparties to this dispute whose information would otherwise be revealed in the Materials;

**THE COURT FURTHER FINDS** that, for the reasons set in Appendix A and its Supporting Declaration, clearly defined and serious injury will result if the materials are not permanently sealing including, without limitation, the public disclosure of proprietary or otherwise commercially sensitive confidential business information;

**THE COURT FURTHER FINDS** that, for reasons set forth the Appendix A and the Supporting Declaration, no less restrictive alternative to permanently sealing the Materials is available;

**THE COURT FURTHER FINDS** that there is no prior order sealing the Materials in this Action;

**THE COURT FURTHER FINDS** that the foregoing conclusions are supported by relevant case law holding that the right of public access to court filings is not absolute, and may be overcome by a showing such as the one made here. *See Nixon v. Warner Comms., Inc.,* 435 U.S. 589, 603 (1978). The Court, upon a showing of good cause, may in its discretion prevent confidential materials from being transmuted into materials presumptively subject to public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d 157, 166 (3d Cir. 1993).

**THEREFORE**, for good cause shown, based on the findings set out above, and in order to preserve the confidentiality of the aforementioned information;

**IT IS** on this ___10th___ day of _____June_____, 2021, hereby

**ORDERED** that the Plaintiff's Motion to Seal be and hereby is **GRANTED**; and

**IT IS FURTHER ORDERED** that all documents filed under temporary seal in connection with the Preliminary Injunction shall be maintained under seal by the Clerk of the Court.

**IT IS FURTHER ORDERED** that, for any documents filed under temporary seal that are not to remain sealed in their entirety pursuant to this Order, Plaintiffs shall, within fourteen (14) days of the entry of this Order, file public versions of such documents from which only the material identified in the Appendix A has been redacted.

**SO ORDERED:**

*/s/ Jessica S. Allen*
The Honorable Judge Allen
United States Magistrate Judge