Kevin H. Marino
John A. Boyle
**MARINO, TORTORELLA & BOYLE, P.C.**
437 Southern Boulevard
Chatham, NJ  07928-1488
(973) 824-9300

OF COUNSEL:
Michael B. Carlinsky (admitted *pro hac vice*)
F. Dominic Cerrito (admitted *pro hac vice*)
Kaitlin P. Sheehan (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART &**
    **SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Robert M. Schwartz (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART &**
    **SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3675

*Attorneys for Defendants Richard Brull,*
*Faraj W. Abdallah, Brian M. Ilfeld,*
*James C. Eisenach, Rodney A. Gabriel,*
*and Mary Ellen McCann*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PACIRA BIOSCIENCES, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>AMERICAN SOCIETY OF ANESTHESIOLOGISTS, INC., EVAN D. KHARASCH, NASIR HUSSAIN, RICHARD BRULL, BRENDAN SHEEHY, MICHAEL K. ESSANDOH, DAVID L. STAHL, TRISTAN E. WEAVER, FARAJ W. ABDALLAH, BRIAN M. ILFELD, JAMES C. EISENACH, RODNEY A. GABRIEL, AND MARY ELLEN McCANN,<br><br>                    Defendants. | Civil Action No. 21-cv-9264-MCA-JSA<br><br>ECF Case<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION**<br><br><br>Motion Date: July 6, 2021<br><br><br>**<u>Oral Argument Requested</u>** |

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...............................................................................................1

BACKGROUND ....................................................................................................................1

LEGAL STANDARD...............................................................................................................3

ARGUMENT...........................................................................................................................4

I.     THE COMPLAINT FAILS TO PLEAD SPECIFIC JURISDICTION OVER THE AUTHOR DEFENDANTS.............................................................................................4

II.    THE COMPLAINT DOES NOT ALLEGE GENERAL JURISDICTION AS TO THE AUTHOR DEFENDANTS...................................................................................8

CONCLUSION........................................................................................................................9

**TABLE OF AUTHORITIES**

**Cases**

**Pages**

*Calder v. Jones*,
   465 U.S. 783 (1984)......................................................................................... 3, 4

*In re Cendant Corp. Derivative Action Litig.*,
   189 F.R.D. 117 (D.N.J. 1999)............................................................................ 9

*DeRosa v. McKenzie*,
   2017 WL 1170827 (D.N.J. Mar. 27, 2017)........................................................ 7

*IMO Indus., Inc. v. Kiekert AG*,
   155 F.3d 254 (3d Cir. 1998) ...................................................................... 3, 4, 6

*Intellect Design Arena, Inc. v. DataCubes Inc.*,
   2020 WL 2832568 (D.N.J. June 1, 2020)...................................................... 5, 6

*Koch v. Pechota*,
   2017 WL 4316102 (D.N.J. Sept. 28, 2017), *aff'd*, 744 F. App'x 105 (3d Cir. 2018) ................ 8

*M3 USA Corp. v. Hart*,
   2021 WL 308162 (E.D. Pa. Jan. 29, 2021)....................................................... 8

*Machulsky v. Hall*,
   210 F. Supp. 2d 531 (D.N.J. 2002) ................................................................ 3, 4

*Marks v. Alfa Grp.*,
   369 F. App'x 368 (3d Cir. 2010) ...................................................................... 5

*Marten v. Godwin*,
   499 F.3d 290 (3d Cir. 2007) ............................................................................. 3

*Remick v. Manfredy*,
   238 F.3d 248 (3d Cir. 2001) ................................................................... 4, 5, 6, 7

*Triestman v. Tuerkheimer*,
   2018 WL 2433595 (D.N.J. May 11, 2018), *report and recommendation adopted*, 2018 WL
   2432903 (D.N.J. May 29, 2018) ....................................................................... 7

*Voltaix, LLC v. NanoVoltaix, Inc.*,
   2009 WL 3230887 (D.N.J. Oct. 1, 2009) ....................................................... 6, 8

## PRELIMINARY STATEMENT

In its rush to chill scientific analysis by some of North America's foremost researchers and anesthesiologists, Plaintiff Pacira BioSciences Inc. ignored that this Court lacks personal jurisdiction over the individual Defendants who co-authored the articles.  Pacira does not allege that these scientists—Defendant Drs. Brull, Abdallah, Ilfeld, Eisenach, Gabriel, and McCann—work in New Jersey.  Nor does the Complaint assert that they reside in New Jersey.  Instead, Pacira affirmatively pleads that each of the author Defendants works outside the forum state and, as to Dr. Brull and Dr. Abdallah, that they work outside the United States.

In fact, Pacira has not alleged any connection between these Defendants and New Jersey. Instead, it has asserted simply that Pacira is based in New Jersey, where it suffered its alleged harm, based on the nationwide publication of the *Anesthesiology* articles, podcast, and educational materials.   But for claims such as trade libel, Third Circuit law forecloses personal jurisdiction based solely upon the location of the plaintiff.  As explained in Defendants' motion to dismiss for failure to state a claim, the lawsuit should be stopped at the pleading stage.  But to ensure that these Defendants are not dragged further into this baseless litigation, they move here to be dismissed for lack of personal jurisdiction.   Because Pacira has not—and cannot—plead conduct sufficient to haul each of these author Defendants into New Jersey, the Court should dismiss the Complaint against them.

## BACKGROUND

This action targets the scientific analysis of eleven doctors and researchers, including Defendant Drs. Brull, Abdallah, Ilfeld, Eisenach, Gabriel, and McCann.  Compl. ¶¶ 10, 15-19. Pacira names each as a Defendant, along with the Editor-In-Chief of *Anesthesiology*, Dr. Evan Kharasch, and its owner, the American Society for Anesthesiologists ("ASA").  Compl. ¶¶ 5, 8.

1

Pacira alleges a single cause of action for trade libel against all Defendants collectively arising from the publication of the February 2021 issue of *Anesthesiology*, which featured three articles about Pacira's drug EXPAREL (liposomal bupivacaine) co-authored by the author Defendants.  Compl. ¶ 35.  Pacira asserts solely "on information and belief" that the author defendants generally "have sufficient minimum contacts with New Jersey."  Compl. ¶ 22.  Pacira claims this Court has personal jurisdiction over these Defendants because "the individual defendants' disparaging statements regarding liposomal bupivacaine were directed at Pacira," and Pacira "felt the effects of the individual defendants' conduct" in the state.  Compl.  ¶ 22.  Pacira asserts "[t]he individual defendants likewise targeted the forum" through the articles published in "*Anesthesiology*, a national publication available in New Jersey, and on information and belief, with subscribers in New Jersey."  *Id.*

But as Pacira alleges, none of the author defendants works in New Jersey:

- Dr. Brull is a Professor of Anesthesia at the University of Toronto, and Chair in Ambulatory Anesthesia and Women's Health at Women's College Hospital in Toronto, Ontario, located at 76 Grenville Street, Toronto Ontario.  Compl. ¶ 10.

- Dr. Abdallah is an Associate Professor of Anesthesiology and Pain Medicine at the Ottawa Hospital in Ottawa, Ontario, located at 501 Smyth Road, Ottawa, Ontario.  Compl. ¶ 15.

- Dr. Ilfeld is Professor of Anesthesiology In Residence at the University of California, San Diego in La Jolla, California, located at Jacobs Medical Center at UC San Diego, La Jolla, California.  Compl.  ¶ 16.

- Dr. Eisenach is a Professor of Anesthesiology at Wake Forest University School of Medicine, located at 475 Vine Street, Winston-Salem, North Carolina.  Compl. ¶ 17.

- Dr. Gabriel is an Assistant Clinical Professor of Medicine at the University of California, San Diego in California, located at Jacobs Medical Center at UC San Diego Health, La Jolla, California.  Compl. ¶ 18.

- Dr. McCann is a Senior Associate in Perioperative Anesthesia in the Boston Children's Hospital's Departments of Anesthesia and Critical Care and Pain Medicine, and an Associate Professor of Anesthesia at Harvard Medical School. Compl. ¶ 19.  Her place of business is Boston Children's Hospital, 300 Longwood Avenue, Bader, 3rd Floor, Boston, Massachusetts.  *Id.*

Pacira does not allege that any of these Defendants resides in New Jersey.

## **LEGAL STANDARD**

"If an issue is raised as to whether a court lacks personal jurisdiction over a defendant, the plaintiff bears the burden of showing that personal jurisdiction exists." *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007).  "A plaintiff can meet the burden of proof and present a *prima facie* case for the court's exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Machulsky v. Hall*, 210 F. Supp. 2d 531, 537 (D.N.J. 2002) (citations and quotations omitted).  When a plaintiff asserts specific jurisdiction over defendants alleged to have committed intentional torts under the so-called "effects test" of *Calder v. Jones*, 465 U.S. 783 (1984), a plaintiff must make a *prima facie* case that defendants **specifically** aimed the tortious conduct at the forum state, "such that the forum can be said to be the focal point of the tortious activity."  *IMO Indus., Inc. v. Kiekert*

3

*AG*, 155 F.3d 254, 265-66 (3d Cir. 1998).  Allegations that the plaintiff is located in the forum

state do not satisfy the requirement of tortious conduct aimed at the forum.  *Id.*

## ARGUMENT

**I.     THE COMPLAINT FAILS TO PLEAD SPECIFIC JURISDICTION OVER THE AUTHOR DEFENDANTS**

Pacira's attempt to establish specific jurisdiction over the author defendants fails as a

matter of law under the *Calder* effects test for intentional torts.  Although Pacira alleges it

suffered harm in New Jersey, it fails to identify *any* action by the author defendants aimed at

New Jersey specifically.  Pacira alleges the statements it claimed caused it harm were published

nationwide, but nowhere asserts any unique connection between the author defendants' conduct

and the forum state as to establish personal jurisdiction.  This Court and the Third Circuit

repeatedly have held such allegations to be insufficient as a matter of law.

"Because New Jersey's long arm statute permits the assertion of personal jurisdiction as

far as is permitted under the Fourteenth Amendment to the United States, federal constitutional

law must be applied to determine whether the Court has personal jurisdiction over Defendants."

*Machulsky*, 210 F. Supp. 2d at 537 (citation and quotations omitted).  Accordingly, "[p]ersonal

jurisdiction may be exercised under two distinct theories, a defendant's general or claim-specific

contacts with the forum."  *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001).  "[S]pecific

jurisdiction is present only if the plaintiff's cause of action arises out of a defendant's forum-

related activities."  *Id*.

In *Calder*, the Supreme Court held that a court could exercise personal jurisdiction over

non-resident defendants only if they had "committed an intentional tort outside the forum, the

unique effects of which caused damages to the plaintiff within the forum."  *IMO Indus.*, 155 F.3d

at 256.  The Third Circuit has established a three-part test to establish specific jurisdiction for an

4

intentional tort.  A plaintiff must show:  (1) the defendant committed an intentional tort; (2) the

plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal

point of the harm suffered by the plaintiff as a result of that tort; and (3) the defendant

specifically aimed the tortious conduct at the forum such that the forum can be said to be the

focal point of the harm suffered by the plaintiff as a result of that tort.  *Remick*, 238 F.3d at 258.

Here, Pacira cannot make the requisite showing under the Third Circuit's interpretation

of the third factor as to these Defendants.  Pacira's claims of harm felt in New Jersey based on a

nationwide publication do not satisfy the legal standard for establishing conduct ***specifically***

aimed at New Jersey.  In fact, courts in the Third Circuit have repeatedly held such allegations

insufficient as a matter of law to establish specific jurisdiction.

*First*, Pacira asserts personal jurisdiction exists over each of the author defendants

because Pacira operates out of New Jersey and suffered losses in New Jersey.  Compl. ¶ 22.  But

"[t]argeting Plaintiff, which is located in New Jersey, is not the same as targeting New Jersey."

*Intellect Design Arena, Inc. v. DataCubes Inc.*, 2020 WL 2832568, at *5 (D.N.J. June 1, 2020)

(citations and quotations omitted).  Instead, "[a] plaintiff alleging an intentional tort must show

additional facts connecting the defendant to the forum state other than the plaintiff's location at

the time of the tortious conduct."  *Id.* (citation and quotations omitted).  *See also Marks v. Alfa

Grp.*, 369 F. App'x 368, 370 (3d Cir. 2010) ("Knowledge of where an individual resides,

however, is insufficient to establish jurisdiction, even with an intentional tort.").

Pacira has not "show[n] additional facts connecting the defendant to the forum state."

*Intellect Design*, 2020 WL 2832568, at *5.  Instead, Pacira alleges exactly what this Court has

deemed insufficient:  that "Defendants' conduct was directed at New Jersey just because

Defendant knew that the harm would be felt in New Jersey."  *Id.*  That improperly "conflates the

second and third elements of the 'effects test,'" *id*., because it focuses not on the action of the defendant but the harm felt by the plaintiff.

Indeed, in *IMO Industries*, the Third Circuit confirmed the inadequacy of such allegations for pleading conduct specifically aimed at the forum state. *IMO* considered a hypothetical tortfeasor Y that "knew that W (its competitor) was owned by X (the New Jersey company) and that X would experience the injury caused by the drop in W's value at its headquarters in New Jersey." 155 F.3d at 265 n.8. The Third Circuit instructed that such circumstances "would not by itself be enough to meet X's burden to show that Y 'expressly aimed' its conduct at New Jersey." *Id.* This Court has regularly applied the principle upheld in *IMO*. *See, e.g., Voltaix, LLC v. NanoVoltaix, Inc.*, 2009 WL 3230887, at *3 (D.N.J. Oct. 1, 2009) (dismissing for lack of personal jurisdiction where plaintiff alleged only defendant's awareness that plaintiff would suffer harm in forum state). It requires dismissal of the author Defendants here.

*Second*, although Pacira alleges "the individual defendants likewise targeted the forum by publishing their false and misleading statements about EXPAREL in *Anesthesiology*, a national publication available in New Jersey, and on information and belief, with subscribers in New Jersey," Compl. ¶ 22, such allegations also fail as a matter of law. In fact, Pacira's Complaint undermines any claim of conduct targeted at New Jersey specifically: Because, as Pacira pleads, *Anesthesiology* is "a national publication," *id.*, "it cannot be said that the defendants here expressly aimed their conduct at [the forum state] so that [the forum state] was the focal point of the tortious activity." *Remick*, 238 F.3d at 259.

In *Remnick*, the Third Circuit affirmed the dismissal of a defamation claim brought against defendants who were not residents of the forum for lack of personal jurisdiction even though the plaintiff was harmed in the forum state by a national publication. *Id.* The court

6

concluded that purportedly defamatory statements were not specifically aimed at the forum state,

notwithstanding the plaintiff's location, because the statements were published "throughout the

boxing community, not just in [the forum state]" and the boxing community lacks "a unique

relationship" with the forum state.  *Id.*  The inadequate allegations of a "unique relationship" in

*Remick* mirror those here.  In both cases, the plaintiff alleged that defendants published

statements in national publications that were available in the forum state, and that the plaintiff

suffered harm in the forum state by residing there.  *Compare id. with* Compl. ¶ 22.  But where a

publication is distributed "throughout the country" and the only connection is that the plaintiff

resides in the forum state, that cannot establish personal jurisdiction.  *Remick*, 238 F.3d at 259.

In addition, like the plaintiff in *Remick*, Pacira has not and cannot adduce any evidence

that *Anesthesiology* is "published in [the forum state] more than any other state" or that the

statements "focused on [the forum state.]"  *Id.* 259.  *See also DeRosa v. McKenzie*, 2017 WL

1170827, at *7 (D.N.J. Mar. 27, 2017) (dismissing defamation claim absent allegation of

publication directed specifically at forum instead of nationally); *Triestman v. Tuerkheimer*, 2018

WL 2433595, at *3 (D.N.J. May 11, 2018), *report and recommendation adopted*, 2018 WL

2432903 (D.N.J. May 29, 2018) (holding publication of allegedly defamatory statements

regarding a forum-state resident on a nationally-accessed website insufficient to constitute

specific aiming at the forum where "there is no evidence … indicating Defendants purposefully

targeted New Jersey for this publication or that this publication was primarily or substantially

distributed in New Jersey compared to other states").  Because Pacira asserted no other

connection to the forum state beyond Pacira's location, the nationwide publication cannot

establish that the Defendants specifically targeted New Jersey.

7

*Finally*, at most, Pacira alleges it should have been foreseeable that it would suffer harm in New Jersey.  *See* Compl. ¶ 22.  That is irrelevant.  "Foreseeability" is "not the 'deliberate targeting' of the forum state required for the exercise of personal jurisdiction."  *Voltaix*, 2009 WL 3230887, at *3.  Here too Pacira seeks to allow a court to exercise jurisdiction over a defendant based on the location of the plaintiff, rather than the actions of the defendant, and therefore cannot establish personal jurisdiction.  *See supra*, at 5-6.

Accordingly, the Court should dismiss Drs. Brull, Abdallah, Ilfeld, Eisenach, Gabriel, and McCann for lack of personal jurisdiction.

## II.     THE COMPLAINT DOES NOT ALLEGE GENERAL JURISDICTION AS TO THE AUTHOR DEFENDANTS

Even if the Complaint could be construed to assert general jurisdiction over the author defendants, Pacira's failure to plead that any of the author defendants reside in the forum forecloses an exercise of general jurisdiction.

Individuals are "subject to general personal jurisdiction only where [they are] domiciled." *Koch v. Pechota*, 2017 WL 4316102, at *5 (D.N.J. Sept. 28, 2017), *aff'd*, 744 F. App'x 105 (3d Cir. 2018).  *See also M3 USA Corp. v. Hart*, 2021 WL 308162, at *6 (E.D. Pa. Jan. 29, 2021) (same).  Pacira does not attempt to plead general jurisdiction over the author Defendants, affirmatively pleading that they reside and are employed outside of New Jersey.  *See* Compl. ¶ 10 (alleging only that Dr. Brull works in Toronto, Ontario); ¶ 15 (alleging only that Dr. Abdallah works in Ottowa, Ontario); ¶ 16 (alleging only that Dr. Ilfeld works in La Jolla, California); ¶ 17 (alleging only that Dr. Eisenach works in Winston-Salem, North Carolina); ¶ 18 (alleging only that Dr. Gabriel works in La Jolla, California); ¶ 19 (alleging only that Dr. McCann works in Boston, Massachusetts).

Although Pacira alleges "on information and belief" that "the individual defendants have

sufficient minimum contacts with New Jersey," id. ¶ 22, even minimum contacts would be

insufficient to establish general jurisdiction as a matter of law.  *In re Cendant Corp. Derivative*

*Action Litig.*, 189 F.R.D. 117, 136 (D.N.J. 1999) ("To establish general jurisdiction the plaintiff

must show significantly more than mere minimum contacts with the forum state.").  Thus, Pacira

has not alleged general jurisdiction over the author defendants.  *Id.* at 137 (dismissing complaint

against non-resident individual defendant for lack of personal jurisdiction.).

## CONCLUSION

Defendant Drs. Brull, Abdallah, Ilfeld, Eisenach, Gabriel, and McCann respectfully

request that the Court dismiss the Complaint with prejudice for lack of personal jurisdiction.

Dated:  June 11, 2021

Respectfully submitted,

Kevin H. Marino
John A. Boyle
**MARINO, TORTORELLA & BOYLE, P.C.**
437 Southern Boulevard
Chatham, NJ  07928-1488
(973) 824-9300
*Attorneys for Defendants Richard Brull,*
*Faraj W. Abdallah, Brian M. Ilfeld,*
*James C. Eisenach, Rodney A. Gabriel,*
*and Mary Ellen McCann*

OF COUNSEL:
Michael B. Carlinsky (admitted *pro hac vice*)
F. Dominic Cerrito (admitted *pro hac vice*)
Kaitlin P. Sheehan (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART &**
**SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Robert M. Schwartz (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART &**
**SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3675

9