Kevin McDonough
Direct Dial: +1.212.906.1246
kevin.mcdonough@lw.com

1271 Avenue of the Americas
New York, New York 10020
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

**LATHAM & WATKINS** LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

June 21, 2021

<u>VIA ECF</u>

Honorable Madeline Cox Arleo
U.S. District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: *Pacira BioSciences, Inc. v. American Society of Anesthesiologists, Inc., et al.*, Case No. 2:21-cv-9264 (MCA) (JSA)

Dear Judge Arleo:

On June 11, Defendants American Society of Anesthesiologists (the "ASA"), Inc., and Drs. Evan D. Kharasch, Richard Brull, Faraj W. Abdallah, Brian M. Ilfeld, James C. Eisenach, Rodney A. Gabriel, and Mary Ellen McCann (collectively, "Non-OSU Defendants") submitted a letter motion seeking to stay discovery pending resolution of their motions to dismiss and to expedite consideration of those motions. Dkt. No. 59. Similarly, Defendants Michael Essandoh, Nasir Hussain, Brendan Sheehy, David Stahl, and Tristan Weaver (the "OSU Defendants") separately requested a stay of discovery pending resolution of their motion to dismiss. Dkt. No. 56.

The court issued a ruling today granting these requests (Dkt. No. 61); however, Plaintiff Pacira BioSciences, Inc. ("Pacira" or "Plaintiff") had not had an opportunity to respond, having intended to do so today, in advance of the status conference. (Under Local Rule 7.1(d)(2) we understood our response to be due on June 22, 2021.) It appears from the Court's ruling that it understood that Pacira took no position on the OSU Defendants' motion; given this, Pacira seeks to clarify with the Court that it opposes each of Defendants' stay requests and submits this opposition to ensure the Court has a full record to consider.

**A. The Non-OSU Defendants' Request to Stay Discovery Should be Denied Because It Is Contrary to Their Prior Representation.**

The Non-OSU Defendants' eleventh-hour request to stay discovery is a complete about-face, and one made without good cause.

The Non-OSU Defendants should be estopped from now seeking a stay of discovery—a complete reversal from prior representations. At the scheduling conference of May 7, 2021, the

LATHAM&WATKINS LLP

Non-OSU Defendants repeatedly reaffirmed their desire for expedited discovery and a quick determination on the merits. *See* May 7, 2021 Hr'g Tr. 18:2-7 ("[Non-OSU Defendants] want to take expedited discovery... . So, if Your Honor will give me some expedited discovery … we'll do everything we need to do to prepare this case to roll forward…."), 36:13-15 ("[W]e'd like to take our discovery on the entire case in an expedited fashion and also we're not just going to be deposing expert witnesses."); 27:5-8 ("[I]f we can get the discovery done and get the motion practice going, then we'll get before the Court as quickly as humanly possible, that would be certainly our preference."); 41:20-21 ("[W]e want to get to the finish line as quickly as possible.").

Indeed, the Non-OSU Defendants affirmatively stated *they would not need more time*, and that they were prepared to serve discovery before answering the Complaint. *Id.* 21:15-18 ("The Court: I know both sides want expedited discovery, but you have to be careful what you're asking for. Right? Mr. Marino: Oh, I certainly don't believe we need more time."); *id.* 32:7-10 ("The Court: Mr. Marino, you're prepared to serve discovery before your answer and/or response? Mr. Marino: Yes."). They also specifically stated that they *did not want a discovery stay* while motions to dismiss were pending. *Id.* 37:1-4. (Defense counsel stating "the filing of a motion to dismiss has not stalled discovery. **We continue to take discovery notwithstanding the fact that we have these motions pending**." (emphasis added)).

Further, the entire status conference, including decisions and dates set at that time, were influenced by the Non-OSU Defendants' representations that they, too, sought expedited discovery and a decision on the merits. *See, e.g.*, May 7, 2021 Hr'g Tr. 10:11-16 (counsel for Pacira noting Pacira's willingness to withdraw its preliminary injunction motion given that "both parties want…an expedited schedule to get from here to the permanent injunction on the merits piece"), 18:2-7 (Mr. Marino: "I'm happy they're withdrawing their motion. I want to take expedited discovery, because I want to move for summary judgment."),18:20-19:6 (Court: "[J]ust cutting to the chase, it sounds like what the parties do agree on -- right? -- is expedited discovery. So, a few things. One is … I am going to ask that the plaintiff with -- either withdraw the motion or I will terminate it as having being represented that the motion is withdrawn. Okay?"), 23:24-21:18 (Court: "And, so, in looking at the proposed discovery schedule that plaintiff had included in, I guess it's the May 1st letter, you know, like I said, it's aggressive. It's absolutely aggressive. But I will say this. If both sides think that they're up for the task and that depositions are going to happen over the summer, and expert reports -- you know, again, I think it's ambitious, but if you want me to hold you to these dates, I'll hold you to these dates and we could talk a little bit more about it right now."). For these reasons, the Non-OSU Defendants should be estopped from reversing course and seeking to stay discovery. *See Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 361 (3d Cir. 1996) ("[J]udicial estoppel is intended to prevent parties from playing fast and loose with the courts by asserting inconsistent positions.").

Additionally, the Non-OSU Defendants cannot meet their burden to show good cause to justify staying discovery pending resolution of a motion to dismiss. *See Maher Terminals, LLC v. Port Auth. of New York & New Jersey*, No. CIV.A. 12-6090 KM, 2013 WL 2253532, at *2 (D.N.J. May 22, 2013) ("the Court may stay discovery pending determination of a motion to dismiss only on a showing of 'good cause' by the party requested the stay. It is well settled that 'the mere filing of a dispositive motion does not constitute good cause for the issuance of a discovery stay.'"

(internal citations omitted)).  Courts do not favor granting motions to stay discovery.  *See Adriana Castro, M.D., P.A. v. Sanofi Pasteur Inc.*, No. CV 11-7178 (JLL), 2012 WL 12918261, at *1 (D.N.J. July 18, 2012) ("motions to stay discovery are not favored"); *Kiley v. Tumino's Towing, Inc.*, No. 2:18-CV-3165-JMV-SCM, 2019 WL 2432121, at *2 (D.N.J. June 10, 2019) ("Courts generally do not favor granting motions to stay discovery"); *Skoorka v. Kean Univ.*, No. CV163842KMMAH, 2019 WL 4509294, at *5 (D.N.J. Sept. 19, 2019) (same); *Spathos v. Smart Payment Plan, LLC*, No. CV 15-8014(MAS)(DEA), 2016 WL 9211648, at *1 (D.N.J. Apr. 25, 2016) (same).

The Non-OSU Defendants offer only one reason to support their request for a stay, that they do not want to waive their personal jurisdiction arguments by participating in discovery.  However, a party is deemed to have waived a personal jurisdiction defense only if that party "actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum."  *In re: Asbestos Prod. Liab. Litig.*, 661 F. App'x 173, 177 (3d Cir. 2016) (citing *In re Tex. E. Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1236 (3d Cir. 1994)).  A party actively litigates, "[i]n particular, where a party seeks affirmative relief from a court."  *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999) (citing *Adam v. Saenger*, 303 U.S. 59 (1938)).  In the District of New Jersey, "there is authority for the proposition that participation in discovery is not sufficient to waive the personal jurisdiction defense."  *See Ferrostaal, Inc. v. M/V Sea Phx.*, Civil Action No. 03-164, 2005 U.S. Dist. LEXIS 37987, at *3-4 (D.N.J. Sep. 29, 2005).

Indeed, the Non-OSU Defendants' own case law does not support that their participation in discovery at this early stage would waive their personal jurisdiction defense.  *Paul Yanuzzi Builders v. Music Mt. Associates* holds that a defense based on personal jurisdiction is *not* waived by engaging in discovery, *see* No. 02-CV-7438, 2003 U.S. Dist. LEXIS 3375, at *4 (E.D. Pa. Feb. 28, 2003).  *In re Asbestos Prods. Liab. Litig.* discusses waiver when a party litigates on the merits, *see* 661 Fed. App'x. 173, 177 (3d Cir. 2016), and *Clarke v. Marriott Int'l, Inc.* holds that defendants waived their personal jurisdiction defense where they waited nearly two years to file a motion to dismiss on personal jurisdiction grounds, after having completed fact discovery, *see* Civil Action No. 2008-086, 2013 U.S. Dist. LEXIS 125963, at *9 (D.V.I. Sep. 4, 2013).  The Non-OSU Defendants have not demonstrated good cause for a stay of discovery and Plaintiff respectfully requests the Court deny Defendants' request for a stay.

Finally, the Non-OSU Defendants' request is untimely.  At the May 7, 2021 status conference, although they suggested they were considering a motion to dismiss, the Non-OSU Defendants informed the Court that their intent was to submit an answer and a counterclaim, and they agreed to do so *on June 11*, so that discovery could proceed quickly on the counterclaim.  May 7, 2021 Hr'g Tr. 42:11-25.  The Court set a case schedule based on these representations.  A month later, on June 8, 2021, only three days before their answer and the OSU's motion to dismiss was due, the Non-OSU Defendants informed Pacira that they intended to file a motion to dismiss and to stay the very expedited discovery they requested.  The Non-OSU Defendants' June 11, 2021 letter makes no attempt to justify either their change of heart or the untimeliness of their request.  The Non-OSU Defendants certainly recognized they might want to assert jurisdictional arguments

prior to three days before they submitted the motion, but they failed to raise the issue with Pacira or the Court.

For these reasons, the Non-OSU Defendants' request for a stay should be denied.

### B. The OSU Defendants' Motion to Stay Discovery Should be Denied.

Pacira recognizes that the OSU Defendants are situated differently than the Non-OSU Defendants because they made clear at the May 7, 2021 their intent to file a motion to dismiss on purported grounds of immunity. However, staying discovery now will not prevent them from submitting to discovery. Even if the OSU Defendants are ultimately dismissed from the litigation, Pacira can and will obtain the same fact discovery from these Defendants through a Rule 45 subpoena, as they are central witnesses to this litigation. Accordingly, Pacira is willing to prioritize the most relevant and key discovery, which would unquestionably be covered by a subpoena anyway. Staying discovery delays the process, but does not change the ultimate outcome.

In any event, even if discovery is stayed as to the OSU Defendants, discovery can still proceed as to the remaining Defendants and third parties. Pacira has propounded discovery requests against the Non-OSU Defendants, especially the ASA, that are entirely independent of the OSU Defendants.

### C. Pacira Should be Provided Time for Discovery into the Jurisdictional Issues and Adequate Time to Respond to the Motions to Dismiss.

The Non-OSU Defendants also seek expedited consideration of their motions to dismiss. Pacira does not oppose expedited consideration, subject to two caveats. First, Pacira should have sufficient time to respond to the motions. On May 7, 2021, Defendants were given extended time to respond to the complaint, May 7, 2021 Hr'g Tr. 22:8-19; it would be unfair to expect Pacira to *shorten* its time for a response—especially when the Non-OSU Defendants unexpectedly submitted *two* motions, in addition to the OSU Defendants' motion. Further, as will be discussed in a separate motion coming this week, Pacira will seek leave to take discovery related to personal jurisdiction to respond to the various personal jurisdiction arguments contained in the motions to dismiss. Accordingly, the schedule for responding to the motions to dismiss should provide sufficient time for this discovery to occur.

\*   \*   \*

For the foregoing reasons, Pacira respectfully requests that Your Honor deny the requests to stay discovery and that the schedule for the pending motions to dismiss provide Pacira sufficient time to respond and to take discovery related to personal jurisdiction.

Respectfully submitted,

*s/ Kevin M. McDonough*

Kevin M. McDonough

LATHAM&WATKINS LLP

              of LATHAM & WATKINS LLP

cc:   All counsel of record (via ECF)