

Fox Rothschild LLP
ATTORNEYS AT LAW

Mail: P. O. Box 5231, Princeton, NJ 08543-5231
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ  08648-2311
Tel 609.896.3600  Fax 609.896.1469
www.foxrothschild.com

CORINNE MCCANN TRAINOR
Direct No: 609.844.3038
Email: ctrainor@FoxRothschild.com

August 27, 2021

**VIA CM/ECF**

Honorable Jessica Allen, U.S.M.J.
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

**Re:    Pacira Biosciences, Inc. v. American Society of Anesthesiologists, Inc., et al.
Civ. A. No. 2:21-cv-9264**

Dear Judge Allen:

This firm represents the defendants Michael K. Essandoh, Nasir Hussain, Brendan Sheehy, David L. Stahl, and Tristan E. Weaver (the "OSU Defendants") in the above captioned action. We write pursuant to Local Civil Rule 37.1(a)(1) to notify the Court that a discovery dispute has arisen between the parties as to which counsel have conferred but have been unable to reach a resolution. Specifically, despite the stay of discovery that both Your Honor and Judge Arleo entered in this matter [ECF Nos. 61, 65], Plaintiff Pacira Biosciences, Inc. submitted a public records request to The Ohio State University seeking documents from the OSU Defendants that necessitates the participation of the OSU Defendants in providing discovery relevant to this litigation. Under these circumstances, Plaintiff has violated the stay. We have asked Plaintiff's counsel to withdraw that request and to agree not to serve similar requests unless and until the stay is lifted, but they have refused.

**I.    Background.**

Since the initial conference in this matter, the OSU Defendants have objected to Plaintiff proceeding with discovery, either in the normal course or in an expedited manner.  *See generally* Transcript of Initial Conference at 24:16 – 25:3 [ECF No. 43].  As such, the OSU Defendants sought an order staying discovery pending the resolution of the motions to dismiss [ECF No. 56], and the Court granted it. [ECF No. 61 ("To promote efficiency, Defendants' respective requests

A Pennsylvania Limited Liability Partnership

California    Colorado    Delaware    District of Columbia    Florida    Georgia    Illinois    Minnesota    Nevada
New Jersey    New York    North Carolina    Pennsylvania    South Carolina    Texas    Virginia    Washington

125688155.3



Honorable Jessica Allen, U.S.M.J.
August 27, 2021
Page 2

to stay discovery and all other Court Ordered deadlines are GRANTED."). Later the same day, Plaintiff filed a letter objecting to the Text Order and seeking its vacatur, in response to which the OSU Defendants sought leave to respond. [ECF Nos. 62, 63]. Judge Arleo issued a second Text Order in response to Plaintiff's letter, reaffirming the Court's decision. [ECF No. 65] ("The request to vacate the stay previously imposed while motions to dismiss are pending is denied.").

Dissatisfied with the Court's Orders, Plaintiff has taken matters into its own hands. On July 29, 2021, Plaintiff's counsel submitted a public records request to The Ohio State University that provides: ". . . . I am requesting copies of public records from Ohio State University Wexner Medical Center custodians Nasir Hussain, Brendan Sheehy, Michael K. Essandoh, David L. Stahl, and Tristan E. Weaver. . . ." with respect to the issues raised in Plaintiff's complaint. Counsel for the OSU Defendants was not copied on this request.

## II.     The Parties' Discovery Dispute.

Plaintiff's records request violates the stay because it calls for exactly what "discovery" entails. It is the functional equivalent of a Rule 34 request for the production of documents in that Plaintiff seeks documents in the custody of the OSU Defendants that we will need to review and produce to Plaintiff. *See e.g., Bortex Indus. Co. Ltd. v. Fiber Optic Designs, Inc.*, 296 F.R.D. 373, 388 (E.D. Pa. 2013) (dismissing plaintiff's complaint for willful discovery violations of court orders, including the violation of an order staying discovery by serving subpoenas); *Lowe v. New Mexico ex rel. King*, No. 10-315, 2011 WL 13284675, **1-3 (D.N.M. Oct. 3, 2011) (issuing order to show cause directing plaintiff to withdraw the public records request served when the court had previously stayed discovery and directing plaintiff to show cause as to why sanctions should not be imposed for violating a federal stay order by making the request); *Smith v. City of Wellsville, Kansas*, No. 19-2431, 2020 WL 584449, at **1-2 (D. Kan. Feb. 6, 2020) (granting motion for protective order because "allowing Plaintiff to conduct an Open Records Request to a party [d]efendant . . created by a hyper-technical application of the Federal Rules would defeat the purpose and spirit of the Court granting the initial stay" of discovery).

Rather than abide by the Court's Orders, and rather than spare the Court the allocation of judicial resources to address discovery disputes while the motions to dismiss are pending, Plaintiff has circumvented the Court's Orders. Plaintiff's request is nothing more than an "artful, alternative" discovery method from which it was barred, that subrogates the intended benefits of the Court's stay. *See Lowe, 2011 WL 13284675* at **1-3 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009)). Plaintiff's attorneys deny that these cases, or the letter and spirit of the Court's Orders, compel them to stand down.



Honorable Jessica Allen, U.S.M.J.
August 27, 2021
Page 3

### III.  Conclusion.

For these reasons, we respectfully request that Your Honor: (1) order Plaintiff to withdraw the requests and/or not serve additional requests unless and until the stay is lifted by SO ORDERING this letter; (2) enter a Text Order permitting us to file a discovery motion in accordance with Local Rule 37.1(b); and/or (3) issue an Order to Show Cause on the Court's own motion directing Plaintiff to explain why it has not violated the Court's Orders.

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ *Corinne McCann Trainor*

Corinne McCann Trainor


cc:     All counsel of record


**SO ORDERED, this _____ day of _____, 2021.**


_____
Honorable Jessica Allen, U.S.M.J.

125688155.3