Kevin McDonough
Direct Dial: +1.212.906.1246
kevin.mcdonough@lw.com

1271 Avenue of the Americas
New York, New York  10020
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

August 27, 2021

**VIA ECF**

Honorable Jessica Allen, U.S.M.J.
U.S. District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:   *Pacira BioSciences, Inc. v. American Society of Anesthesiologists, Inc., et al.*, Case No. 2:21-cv-9264 (MCA) (JSA)

Dear Judge Allen:

I write on behalf of Plaintiff Pacira BioSciences, Inc. ("Pacira") in response to the letter filed today by Defendants Michael K. Essandoh, Nasir Hussain, Brendan Sheehy, David L. Stahl, and Tristan E. Weaver (the "OSU Defendants"). ECF No. 78. No matter how the OSU Defendants attempt to spin Pacira's actions, the law is absolutely clear: Pacira did nothing wrong and in no way violated the Court's stay. Public records requests—a fact investigation procedure open to any member of the public—does not constitute discovery, which is a formal litigation concept arising under the rules of civil procedure, and is not covered by the stay. Nor did any Defendant ever seek to preclude such fact investigation—the Defendants sought to stay formal discovery to avoid waiver of personal jurisdiction arguments and because certain Defendants have asserted a qualified immunity from litigation. The OSU Defendants' anticipated motion to prohibit open records requests is an entirely new motion seeking entirely new relief—relief that is counter to established law.

A.   **The Law Is Clear that Pacira Acted Consistently With the Court's Order.**

"[D]iscovery in federal court is governed solely by the Federal Rules of Civil Procedure." *First Atl. Leasing Corp. v. Tracey*, 128 F.R.D. 51, 54 (D.N.J. 1989). Pacira has not undertaken discovery. It has not sought to "discover the documents at issue by use of federal discovery means and methods (including a subpoena)." *Stratienko v. Chattanooga-Hamilton Cty. Hosp. Auth.*, at *13 (E.D. Tenn. May 7, 2008), *aff'd*, 402 F. App'x 990 (6th Cir. 2010). Rather, it submitted records requests to The Ohio State University pursuant to the Ohio Public Records Act, Ohio Rev. Code § 149.43, and to the University of California San Diego pursuant to the California Public Records Act ("CPRA"), Cal. Gov't Code § 6250 *et seq.* Pacira has merely engaged in fact investigation available to any member of the public. *See* Cal. Gov't Code § 6253(a) ("[E]very person has a right to inspect any public record"); Ohio Rev. Code § 149.43(B)(1) ("[A]ll public

LATHAM&WATKINS LLP

records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours."). "The word 'discovery' is not a synonym for investigation." *Am. Bank v. City of Menasha*, 627 F.3d 261, 265 (7th Cir. 2010).

Third Circuit law is clear that Pacira has acted within its rights. In *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, the Third Circuit explained that "[t]he applicability and importance of the[] interests [favoring public access] are not lessened because they are asserted by a private party to advance its own interests in pursuing its lawsuits against [a party to the original action]." 998 F.2d 157, 167-68 (3d Cir. 1993) (modifications in original) (citing *Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 345 (3d Cir. 1986)). Accordingly, the Court ruled, "[j]ust as [a litigant] could, consistent with [a] stay order, continue to research the factual underpinning for his claim in libraries or other institutions where publicly available information is stored, so he may also inspect and copy those [public] records which any member of the public has a right to view." *Id.* at 168.

Other courts to consider the issue have reached the same conclusion. For instance, in *American Bank v. City of Menasha*, the Seventh Circuit held that a plaintiff could submit a public records request despite a discovery stay in the litigation. *See* 627 F.3d at 265. The court considered "a discovery order that has the effect of preempting a state law . . . [as] a slap in federalism's face" and "refuse[d] to define requests for access to . . . state public records under public records laws . . . as discovery demands, even when as in this case the request is made for the purpose of obtaining information to aid in a litigation and is worded much like a discovery demand." *Id.* at 264-65 (collecting cases, including *Leucadia*); *see also, e.g.*, *Searcy v. Broome*, 2007 WL 2238296, at *1 (D.S.C. Aug. 1, 2007) (holding that parties could submit requests under the Freedom of Information Act while discovery was stayed as the court considered qualified immunity arguments); *Simmons v. Shadid*, No. 1:19-cv-01231-SLD-JEH, 2020 U.S. Dist. LEXIS 187224, at *1-4 (C.D. Ill. Oct. 5, 2020) (concluding that the court lacked authority to prohibit plaintiff from submitting FOIA requests from defendant public entity because "the FOIA regime is distinct from civil discovery"); *Republic of Colombia v. Diageo N. Am., Inc.*, 2007 WL 3274882, at *1 (E.D.N.Y. Nov. 5, 2007) ("[T]his court does not consider the obtaining of information by means of FOIA requests to be discovery."); *Ransom v. Byrd*, 2014 WL 5780709, at *3 (E.D. Ark. Nov. 5, 2014) (a state FOIA request "is a state statute enforced in state court, and it is *not* a discovery device under the Federal Rules of Civil Procedure" (emphasis in original)); *Jackson v. First Fed. Sav. of Arkansas, F.A.*, 709 F. Supp. 887, 889 (E.D. Ark. 1989) (concluding that "the assertion that plaintiff violated the discovery stay" by requesting documents from a public entity was "unconvincing," and that "[p]laintiff did no discovery").

This is for good reason: Public records requests serve as an important check on government accountability. *See, e.g.*, *CBS, Inc. v. Block*, 42 Cal. 3d 646, 651 (1986) ("Implicit in the democratic process is the notion that government should be accountable for its actions. In order to verify accountability, individuals must have access to government files."); *State ex rel. Morgan v. New Lexington*, 857 N.E.2d 1208, 1215 (Ohio 2006) ("The Public Records Act reflects the state's policy that open government serves the public interest and our democratic system.") (internal quotation omitted). This principle is so important that it is enshrined in the California Constitution. *See* Cal. Const. art. I, § 3(b)(1) ("The people have the right of access to information

concerning the conduct of the people's business, and, therefore, the meetings of public bodies and the writings of public officials and agencies shall be open to public scrutiny."). Similarly, Ohio's Attorney General has emphasized that "[s]tate law gives citizens the right to look behind the scenes of government and check that public servants are not making decisions expressly to benefit friends or donors — or themselves." *See* Ohio Sunshine Laws: An Open Government Resource Manual (2021), at iii. Defendants want this Court to create an exception from these important state policies, despite clear Third Circuit law to the contrary. *See also Am. Bank v. City of Menasha*, 627 F.3d at 266 ("[Defendant] doesn't have to rummage through his files to respond to a demand for information—at least qua defendant; it is happenstance that in this case the custodian of the records and the defendant are one and the same.").

Aside from the two outlier unpublished, out-of-circuit cases that Defendants cite, Pacira is unaware of any other case in the country holding that a discovery stay precludes fact investigation separate from the procedures set forth in the Federal Rules of Civil Procedure. Neither of Defendants' cases is persuasive. In *Lowe v. New Mexico ex rel. King*, the court analogized the public records request at issue to a Rule 45 subpoena; Pacira is aware of no other court that has reached the same conclusion. *See* 2011 WL 13284675, *3 (D.N.M. Oct. 3, 2011). And in *Smith v. City of Wellsville, Kansas*, 2020 WL 584449 (D. Kan. Feb. 6, 2020), the court's decision contains no analysis in further support of its decision that an open records request could constitute discovery. The OSU Defendants' argument that this minority position compels the same result here ignores the weight of the authority and the clear Third Circuit law to the contrary.

### B. Defendants' Original Request Proves the Stay Was Not Intended to Cover Public Records Requests.

Defendants' reasons for requesting a stay in the first place make clear that the stay was intended only to pause formal discovery authorized under the Federal Rules of Civil Procedure. In their respective letters to the Court, Defendants requested a stay for two reasons, neither of which is implicated by public record requests. First, the OSU Defendants highlighted their sovereign immunity argument. ECF No. 56 at 1-2. However, Pacira's Ohio Public Records Act request does not raise sovereign immunity concerns—Pacira made the request in Ohio pursuant to Ohio state law. The Ohio State Supreme Court has firmly established that "[a] person may inspect and copy a 'public record,' as defined in R.C. 149.43(A), irrespective of his or her purpose for doing so." *Gilbert v. Summit Cty.*, 821 N.E.2d 564, 567 (Ohio 2004) (quoting *State ex rel. Consumer News Serv., Inc. v. Worthington City Bd. of Edn.*, 776 N.E.2d 82, 90). Second, Defendants Brian Ilfeld and Rodney Gabriel ("UCSD Defendants") sought a stay to avoid waiver of their personal jurisdiction arguments. ECF No. 59 at 1-2. Pacira's public records request—made in California, pursuant to California law—in no way requires the UCSD Defendants to submit to the jurisdiction of the District of New Jersey. And like Ohio law, California law recognizes that plaintiffs who have sued public officials may "file a CPRA request for the purpose of obtaining documents for use in the plaintiff's civil action." *Cty. of Los Angeles v. Superior Ct. (Axelrad)*, 82 Cal. App. 4th 819, 826 (2000).

LATHAM&WATKINS LLP

### C. Defendants' Request for Relief Under Rule 37 is Without Basis.

Finally, because Pacira's public records requests are not discovery requests, the OSU Defendants' request under Local Civil Rule 37 is inapt. Specifically, Rule 37(b) of the Federal Rules of Civil Procedure delineates the activities that could constitute a "failure to comply with a court order." *See* Fed. R. Civ. P. 37(b). By its terms, the Rule provides relief when "a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery." *Id.* The Rule plainly pertains to parties who do not cooperate with discovery requests, not parties who seek to obtain publicly available documents.

\* \* \*

For the foregoing reasons, the Court should deny Defendants' request for relief. Pacira would welcome the opportunity to discuss this matter further with the Court should the Court find it would benefit from a status conference or oral argument in deciding whether to allow Defendants to proceed with briefing this issue that the Third Circuit has foreclosed.

Respectfully submitted,

*s/ Kevin M. McDonough*

Kevin M. McDonough
of LATHAM & WATKINS LLP

cc:   All counsel of record (via ECF)