**Kevin McDonough**
Direct Dial: +1.212.906.1246
kevin.mcdonough@lw.com

1271 Avenue of the Americas
New York, New York 10020
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

# LATHAM & WATKINS LLP

August 30, 2021

**VIA ECF**

Honorable Jessica Allen, U.S.M.J.
U.S. District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: *Pacira BioSciences, Inc. v. American Society of Anesthesiologists, Inc., et al.*, Case No. 2:21-cv-9264 (MCA) (JSA)

Dear Judge Allen:

    I write on behalf of Plaintiff Pacira BioSciences, Inc. ("Pacira") in response to the letter filed Friday, August 27, 2021 by Defendants Brian M. Ilfeld and Rodney A. Gabriel (the "UCSD Defendants"). ECF No. 80. This letter raises the same issue addressed by the OSU Defendants in their August 27, 2021 letter (ECF No. 78). Accordingly, Pacira references and incorporates its response to the OSU Defendants' letter (ECF No. 79), rather than repeat that discussion here. Pacira thus submits this supplemental letter to address only an additional argument stated by the UCSD Defendants. The UCSD Defendants argue that Pacira's request to the University of California San Diego under the California Public Records Act, Cal. Gov't Code § 6250 *et seq.*, is not a "garden-variety" public records act request because it supposedly requires the UCSD Defendants and their private counsel in this litigation to compile and review potentially responsive public records. ECF No. 80 at 1. The UCSD Defendants' argument is without basis for two reasons.

    *First*, they ask this Court to make new law: to carve out an exception in established law that public records requests count as discovery if a litigant would bear the burden of complying with the request. Notably, the UCSD Defendants <u>acknowledge that litigants are within their rights to submit public records requests to public entities during the course of litigation</u> and that in response, public entities "gather[] and produce[] responsive documents without the involvement of the litigants." *Id.* Rather, they contend that Pacira's requests are somehow unique because the

LATHAM&WATKINS LLP

UCSD Defendants would be involved in responding to the public records requests. They cite no case drawing such a distinction, nor is Pacira aware of any.[1]

The law says the opposite. The Seventh Circuit and other courts have addressed this question directly. The Seventh Circuit held: "[Defendant] doesn't have to rummage through his files to respond to a demand for information—at least qua defendant; it is happenstance that in this case the custodian of the records and the defendant are one and the same." *Am. Bank v. City of Menasha*, 627 F.3d 261, 266 (7th Cir. 2010); *see also Stratienko v. Chattanooga-Hamilton Cty. Hosp. Auth.*, No. 1:07-CV-258, 2008 U.S. Dist. LEXIS 37917 at *9 (E.D. Tenn. May 7, 2008) ("[T]he fact that an individual is a party to litigation against a government agency does not, on its own, preclude that individual from relying on the [Tennessee Open Records Act]."). In both *American Bank* and *Stratienko*, the public entity from whom open records were sought was the *actual defendant* (unlike here). Similarly, in other cases identified in Pacira's August 27 letter, the party unsuccessfully seeking to prevent public records requests was itself the public agency to whom the requests were directed. *See Simmons v. Shadid*, No. 1:19-cv-01231-SLD-JEH, 2020 U.S. Dist. LEXIS 187224 (C.D. Ill. Oct. 5, 2020) (public records requests served on defendant Village of Minier); *Repub. of Colom. v. Diageo N. Am., Inc.*, 2007 WL 3274882 (E.D.N.Y. Nov. 5, 2007) (public records requests served on plaintiff government of Colombia under Colombian equivalent of FOIA). California courts have also expressly concluded that "a plaintiff who has filed suit against a public agency may, either directly or indirectly through a representative, file a CPRA request for the purpose of obtaining documents for use in the plaintiff's civil action, and [] the documents must be produced unless one or more of the statutory exemptions set forth in the CPRA apply." *Cty. of Los Angeles v. Superior Ct. (Axelrad)*, 82 Cal. App. 4th 819, 826 (2000); *see also* Cal. Gov't Code § 6253(a) ("[E]very person has a right to inspect any public record [with enumerated exceptions].").

**Second**, the UCSD Defendants provide no support for their assertion that the requests *require* the involvement of the UCSD Defendants. Pacira served the requests on their employer, the University of California San Diego—not the individual Defendants. IT administrators are typically able to access employees' electronic documents without involvement of the employee. The UCSD Defendants identify no UCSD policy requiring their involvement in responding to a public records request. To the contrary, a recent training on the subject included no such step in the process of responding to a public records request. *See* UCSD Research Compliance and Integrity Hot Topic Training Session: FOIA and CPRA Requests (June 2021), *available at*

---

[1] The UCSD Defendants cite only the same two cases as the OSU Defendants, which bear no weight for the reasons discussed in Pacira's August 27 letter. As further explanation, the court in *Lowe v. New Mexico*, No. 10-315, 2011 WL 13284675 (D.N.M. Oct. 3, 2011) assumes a public records request is somehow akin to a federal subpoena, without any explanation. And in *Smith v. City of Wellsville, Kan.*, 2020 WL 584449, at *2 (D. Kan. Feb. 6, 2020), the magistrate judge's analysis did not address whether a public records request constituted discovery. Rather, the discussion centered on whether the stay, which was imposed pending resolution of a motion to dismiss, was still in place due to plaintiff's motion to amend the complaint. The court concluded that plaintiff's assertion that the stay was moot was a "hyper-technical" reading of the rules of civil procedure because a new motion to dismiss was expected. *Id.* at *4.

**LATHAM & WATKINS** LLP

https://blink.ucsd.edu/sponsor/rci/_files/2021-06-16%20RCI%20Hot%20Topics%20Training-FOIA%20and%20CPRA%20Requests.pdf. Should the UCSD Defendants *choose* to insert themselves into the process, that is their choice, but it does not somehow convert a public records request to a discovery mechanism recognized by the rules of civil procedure.

For the foregoing reasons, and the reasons set forth in Pacira's August 27 Letter, the Court should deny Defendants' requests for relief. Pacira would welcome the opportunity to discuss this matter further with the Court should the Court find it would benefit from a status conference or oral argument in deciding the issue.

Respectfully submitted,

*s/ Kevin M. McDonough*

Kevin M. McDonough
of LATHAM & WATKINS LLP

cc:   All counsel of record (via ECF)