Kevin M. McDonough
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: kevin.mcdonough@lw.com

Allen M. Gardner (*pro hac vice*)
Sarah M. Gragert (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: allen.gardner@lw.com
Email: sarah.gragert@lw.com

*Attorneys for Plaintiff Pacira BioSciences, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PACIRA BIOSCIENCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN SOCIETY OF ANESTHESIOLOGISTS, INC. et al., <br><br> Defendants. | Civil Action No. 21-cv-9264-MCA-JSA <br><br> Hon. Madeline Cox Arleo <br> Hon. Jessica S. Allen <br><br> **Oral Argument Requested** <br><br> **MOTION DAY**: October 18, 2021 |

**PACIRA BIOSCIENCES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 72(a) APPEAL FROM THE SEPTEMBER 17, 2021 ORDER OF MAGISTRATE JUDGE ALLEN**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...............................................................1

BACKGROUND .................................................................................2

LEGAL STANDARD ..........................................................................4

ARGUMENT ....................................................................................5

    A.    The Court's Ruling That Pacira's Open Records Requests
        Violate The Discovery Stay Is Contrary To Controlling Law ..............5

    B.    The Overwhelming Majority Of Courts Agree That A
        Discovery Stay Does Not Preclude Litigants From Pursuing
        Public Records As A Matter Of Law ......................................................6

    C.    Restricting Pacira From Accessing Public Records Would
        Interfere With Important Rights And Frustrate The Public
        Interest .....................................................................................9

CONCLUSION ..................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Am. Bank v. City of Menasha*,
627 F.3d 261 (7th Cir. 2010) ................................................................1, 5, 7, 11

*United States ex rel. Bahsen v. Bos. Sci. Neuromodulation Corp.*,
147 F. Supp. 3d 239 (D.N.J. 2015) ........................................................4

*CBS, Inc. v. Block*,
42 Cal. 3d 646 (1986) ............................................................................10

*State ex rel. Consumer News Serv., Inc. v. Worthington City Bd. of Edn.*,
776 N.E.2d 82 (Ohio 2002) ...................................................................9

*Cty. of Los Angeles v. Superior Ct. (Axelrad)*,
82 Cal. App. 4th 819 (2000) ..................................................................9

*Gilbert v. Summit Cty.*,
821 N.E.2d 564 (Ohio 2004) .................................................................9

*Gunter v. Ridgewood Energy Corp.*,
32 F. Supp. 2d 162 (D.N.J. 1998) ..........................................................4

*Jackson v. First Fed. Sav. of Arkansas, F.A.*,
709 F. Supp. 887 (E.D. Ark. 1989) ........................................................8

*Leucadia, Inc. v. Applied Extrusion Techs., Inc.*,
998 F.2d 157 (3d Cir. 1993) ...............................................................1, 5, 6, 7

*Lowe v. New Mexico ex rel. King*,
2011 WL 13284675 (D.N.M. Oct. 3, 2011) ..........................................8

*Maniscalco v. Brother Int'l Corp. (USA)*,
Civil Action No. 3:06-CV-04907(FLW), 2010 U.S. Dist. LEXIS 20212
(D.N.J. Mar. 4, 2010) .............................................................................4

*State ex rel. Morgan v. New Lexington*,
857 N.E.2d 1208 (Ohio 2006) ...............................................................10

*Ransom v. Byrd*,
  2014 WL 5780709 (E.D. Ark. Nov. 5, 2014) .......................................................8

*Republic of Colombia v. Diageo N. Am., Inc.*,
  2007 WL 3274882 (E.D.N.Y. Nov. 5, 2007) .......................................................7

*Searcy v. Broome*,
  2007 WL 2238296 (D.S.C. Aug. 1, 2007) ...........................................................7

*Simmons v. Shadid*,
  No. 1:19-cv-01231-SLD-JEH, 2020 U.S. Dist. LEXIS 187224 (C.D. Ill.
  Oct. 5, 2020) ..........................................................................................................7

*Smith v. City of Wellsville, Kansas*,
  2020 WL 584449 (D. Kan. Feb. 6, 2020)..............................................................8

## STATUTES

28 U.S.C. § 636(b) .....................................................................................................1

Cal. Gov't Code
  § 6250 et seq. ........................................................................................................2
  § 6253(a) ..............................................................................................................10

Ohio Rev. Code
  § 149.43 .................................................................................................................2
  § 149.43(B)(1)......................................................................................................11

## RULES

Fed. R. Civ. P. 72(a)..............................................................................................1, 4

L. Civ. R. 72.1(c)(1)(A) .......................................................................................1, 4

## CONSTITUTIONAL PROVISIONS

Cal. Const. art. I, § 3(b)(1)......................................................................................10

Pursuant to 28 U.S.C. § 636(b), Rule 72(a) of the Federal Rules of Civil Procedure and L. Civ. R. 72.1(c)(1)(A), plaintiff Pacira BioSciences, Inc. ("Pacira") respectfully submits its appeal to the order issued by Magistrate Judge Jessica S. Allen in this action on September 17, 2021.  *See* Dkt. No. 82 (the "Order").

## Preliminary Statement

This appeal concerns a discrete and straightforward issue of substantial importance: is a party subject to a discovery stay prohibited from investigating the factual basis for its claims *outside* of the scope of discovery, including by exercising its statutory rights under state law to obtain public records available to any member of the public?

At least two courts of appeals—including the Third Circuit—have already answered that question in the negative, explaining that "[t]he case law uniformly refuses to define requests for access to federal or state public records under public-records laws . . . as discovery demands, even when as in this case the request is made for the purpose of obtaining information to aid in a litigation and is worded much like a discovery demand."  *Am. Bank v. City of Menasha*, 627 F.3d 261, 265 (7th Cir. 2010); *see also Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167-68 (3d Cir. 1993) (rejecting claim that party subject to discovery stay could not obtain access to "those [public] records which any member of the public has a right to view").

1

Consistent with that authority, Pacira sought to exercise its right under state law to obtain public records relevant to articles disparaging one of Pacira's products. Despite asserting that Pacira's claims in this case are without merit, Defendants have aggressively sought to prevent Pacira from accessing those public records—claiming that this Court's *discovery* stay bars Pacira from so doing.

Notwithstanding authority rejecting Defendants' argument, the magistrate judge issued an Order on September 17, 2021 requiring Pacira to withdraw its public records requests on the ground that they "fail[ed] to comply with this Court's Order staying discovery." Dkt. No. 82. Following further briefing by Pacira, however, the magistrate judge stayed her order pending Pacira's appeal to this Court. For the reasons set forth below, Pacira respectfully requests that this Court reverse the magistrate judge's order and permit Pacira to continue investigating its claims outside of discovery, using tools available to all members of the public.

## Background

On July 29, 2021, Pacira's counsel submitted public records requests to The Ohio State University ("OSU") pursuant to the Ohio Public Records Act ("OPRA"), Ohio Rev. Code § 149.43, and to the University of California San Diego ("UCSD") pursuant to the California Public Records Act ("CPRA"), Cal. Gov't Code § 6250 et seq. The requests seek public information in relation to certain journal articles authored by individuals affiliated with OSU and UCSD.

2

On August 27, 2021, Defendants Michael K. Essandoh, Nasir Hussain, Brendan Sheehy, David L. Stahl, and Tristan E. Weaver (the "OSU Defendants") wrote to Judge Allen arguing the OPRA request violated this Court's June 21, 2021 order staying discovery in this case.  The OSU Defendants also requested an order requiring Pacira to withdraw its public records requests and/or not serve additional requests.  Dkt. No. 78.  On August 28, 2021, Brian M. Ilfeld and Rodney A. Gabriel (the "UCSD Defendants") filed a separate letter to Judge Allen making similar arguments.  Dkt. No. 80.  Pacira responded to each letter, explaining *inter alia* that a public records request does not constitute discovery and is not barred by a discovery stay.  Dkt. Nos. 79, 81.

On September 17, 2021, Judge Allen issued a Docket Text Order holding that, "given the nature of the public records requests and information sought therein related to the individual Defendants, the public records requests fail[ed] to comply with this Court's Order staying discovery."  Dkt. No. 82.  Judge Allen ordered Pacira's counsel to withdraw the pending public records requests by September 24, 2021.  *Id.*

Pacira promptly filed an emergency request that Judge Allen stay her ruling pending Pacira's appeal of that order to this Court.  Dkt. No. 83.  Pacira argued that the stay was warranted because Pacira had made a strong showing it was likely to succeed on the merits of its appeal given directly relevant Third Circuit (and

3

Seventh Circuit) authority, and because Pacira would suffer irreparable harm absent a stay. Dkt. No. 83. On September 24, 2021, Judge Allen granted Pacira's requested stay. Dkt. No. 84. This appeal now follows.

## Legal Standard

Any party may appeal from a magistrate judge's determination of a non-dispositive matter. Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). A district court judge may reverse a magistrate judge's order on pretrial matters if it is "contrary to law." *Id.*; *see also United States ex rel. Bahsen v. Bos. Sci. Neuromodulation Corp.*, 147 F. Supp. 3d 239, 243 (D.N.J. 2015). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Bahsen*, 147 F. Supp. 3d at 243 (quoting *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998)).

"Where an appeal seeks review of a matter within the exclusive authority of the magistrate judge, such as a discovery dispute, a deferential standard, the abuse of discretion standard, may be applied." *Maniscalco v. Brother Int'l Corp. (USA)*, Civil Action No. 3:06-CV-04907(FLW), 2010 U.S. Dist. LEXIS 20212, at *11 (D.N.J. Mar. 4, 2010). "[A]n error of law or finding of fact that is clearly erroneous may indeed constitute such abuse." *Id.* at *12.

4

## Argument

### A.   The Court's Ruling That Pacira's Open Records Requests Violate The Discovery Stay Is Contrary To Controlling Law

The magistrate judge concluded that Pacira could not seek public records available under Ohio and California law in light of this Court's discovery stay. That was legal error. As the Seventh Circuit has explained, "[t]he case law uniformly refuses to define requests for access to federal or state public records under public-records laws . . . as discovery demands, even when as in this case the request is made for the purpose of obtaining information to aid in a litigation and is worded much like a discovery demand." *Am. Bank*, 627 F.3d at 265. Similarly, the Third Circuit specifically has rejected the claim that a "discovery stay" precludes a party from accessing "records which any member of the public has a right to view." *Leucadia*, 998 F.2d at 168. Accordingly, this Court should reverse the magistrate judge's order and clarify that its discovery stay does not preclude Pacira from investigating the facts underlying its claims *outside* of discovery, including by exercising a statutory right to public records available to all members of the public.

*Leucadia* illustrates the point. There, a litigant subject to a discovery stay in a collateral action sought to access public records in order to use those records "in the course of the collateral [] action." *See id.* at 160 (citation omitted). Although the district court denied access, the Third Circuit reversed. In so doing, it rejected the argument that the discovery stay precluded access to public records, explaining

5

that "[t]he applicability and importance of the[] interests [favoring public access] are not lessened because they are asserted by a private party to advance its own interests in pursuing its lawsuits against [a party to the original action]."  *Id.* at 167-68 (modifications in original) (citation omitted).  As the court concluded, therefore, "[j]ust as [a litigant] could, *consistent with [a] stay order*, continue to research the factual underpinning for his claim in libraries or other institutions where publicly available information is stored, so he may also inspect and copy those court records which any member of the public has a right to view."  *Id.* at 168 (emphasis added).

Like the intervenor in *Leucadia*, Pacira seeks "to research the factual underpinning for [its] claim" by seeking public records that "any member of the public has a right to view."  *Id.* at 167-68.  As the Third Circuit held in *Leucadia*, the discovery stay does not prevent Pacira from pursuing those records.  Because the magistrate judge's order conflicts with a controlling Third Circuit decision, it should be reversed.

## B. The Overwhelming Majority Of Courts Agree That A Discovery Stay Does Not Preclude Litigants From Pursuing Public Records As A Matter Of Law

The Third Circuit does not stand alone in recognizing that a discovery stay does not preclude a litigant from pursuing public records available to any member of the public.  In a unanimous decision authored by Judge Posner, the Seventh Circuit addressed the same question presented here and observed that "the case law

uniformly refuses to define requests for access to federal or state public records under public records laws . . . as discovery demands, even when as in this case the request is made for the purpose of obtaining information to aid in a litigation and is worded much like a discovery demand." *Am. Bank*, 627 F.3d at 265 (citing cases, including *Leucadia*, 998 F.2d at 167–68).

As the Seventh Circuit explained, "'discovery' is not a synonym for investigation." *Am. Bank*, 627 F.3d at 265. "Much of the information-gathering that litigants do is not 'discovery' as the term is understood in the law." *Id.* Thus, a party that talks to witnesses, studies prior judicial proceedings, does online research, or obtains corporate documents from SEC filings is not engaged in discovery. The same is true of "requests for access to federal or state public records under public-records laws." *Id.*

Other courts have reached the same result. *See, e.g.*, *Searcy v. Broome*, 2007 WL 2238296, at *1 (D.S.C. Aug. 1, 2007) (holding that parties could submit requests under the Freedom of Information Act while discovery was stayed); *see also Simmons v. Shadid*, No. 1:19-cv-01231-SLD-JEH, 2020 U.S. Dist. LEXIS 187224, at *1-4 (C.D. Ill. Oct. 5, 2020) (concluding that the court lacked authority to prohibit plaintiff from submitting FOIA requests from defendant public entity because "the FOIA regime is distinct from civil discovery"); *Republic of Colombia v. Diageo N. Am., Inc.*, 2007 WL 3274882, at *1 (E.D.N.Y. Nov. 5, 2007) ("[T]his court does not

consider the obtaining of information by means of FOIA requests to be discovery.");
*Ransom v. Byrd*, 2014 WL 5780709, at *3 (E.D. Ark. Nov. 5, 2014) (a state FOIA request "is a state statute enforced in state court, and it is *not* a discovery device under the Federal Rules of Civil Procedure" (emphasis in original)); *Jackson v. First Fed. Sav. of Arkansas, F.A.*, 709 F. Supp. 887, 889 (E.D. Ark. 1989) (concluding that "the assertion that plaintiff violated the discovery stay" by requesting documents from a public entity was "unconvincing," and that "[p]laintiff did no discovery").

In urging the magistrate judge to prohibit Pacira from accessing public records, Defendants relied on two unpublished, out-of-circuit cases in which courts found public records request to violate a discovery stay. *See Lowe v. New Mexico ex rel. King*, 2011 WL 13284675 (D.N.M. Oct. 3, 2011); *Smith v. City of Wellsville, Kansas*, 2020 WL 584449 (D. Kan. Feb. 6, 2020). But this Court is obligated to follow the Third Circuit's decision in *Leucadia*, not the unpublished decisions of other courts. And in any event, neither case is persuasive. *Smith* contains little reasoning and *Lowe* is premised on analogizing a public records request to a Rule 45 subpoena; Pacira is aware of no other court that has adopted that reasoning. More importantly, neither court's decision addresses or distinguishes the substantial weight of authority holding that a public records request is not barred by a discovery stay.

**C.    Restricting Pacira From Accessing Public Records Would
Interfere With Important Rights And Frustrate The Public
Interest**

As cases like *Leucadia* and *American Bank* establish, Pacira is entitled to
access records available to all members of the public notwithstanding this Court's
discovery stay.  To hold otherwise would interfere with important rights and raise
serious federalism issues.

Both Ohio and California courts have established that their states' respective
public records laws remain available to members of the public who are also involved
in litigation against state officials.  In Ohio, "[a] person may inspect and copy a
'public record,' as defined in R.C. 149.43(A), irrespective of his or her purpose for
doing so," including for use in litigation.  *See Gilbert v. Summit Cty.*, 821 N.E.2d
564, 567 (Ohio 2004) (quoting *State ex rel. Consumer News Serv., Inc. v.
Worthington City Bd. of Edn.*, 776 N.E.2d 82, 90 (Ohio 2002)).  In California, a
plaintiff who has sued public officials may "file a CPRA request for the purpose of
obtaining documents for use in the plaintiff's civil action."  *Cty. of Los Angeles v.
Superior Ct. (Axelrad)*, 82 Cal. App. 4th 819, 826 (2000).  Put differently, Ohio and
California courts have explicitly foreclosed the relief that Defendants are seeking:
essentially, that state actors may be excused from their obligations under state law
to produce public records because of the OSU and UCSD Defendants' status as
Defendants here.

9

This is because Ohio and California courts have recognized the critical public interests served by public records requests, which serve as an important check on government accountability. *See, e.g.*, *CBS, Inc. v. Block*, 42 Cal. 3d 646, 651 (1986) ("Implicit in the democratic process is the notion that government should be accountable for its actions. In order to verify accountability, individuals must have access to government files."); *State ex rel. Morgan v. New Lexington*, 857 N.E.2d 1208, 1215 (Ohio 2006) ("The Public Records Act reflects the state's policy that open government serves the public interest and our democratic system.") (internal quotation omitted). This fundamental right is so important that it is enshrined in the California Constitution. *See* Cal. Const. art. I, § 3(b)(1) ("The people have the right of access to information concerning the conduct of the people's business, and, therefore, the meetings of public bodies and the writings of public officials and agencies shall be open to public scrutiny."). Similarly, Ohio's Attorney General has emphasized that "[s]tate law gives citizens the right to look behind the scenes of government and check that public servants are not making decisions expressly to benefit friends or donors — or themselves." *See* Ohio Sunshine Laws: An Open Government Resource Manual (2021), at iii.

To prevent Pacira from exercising its statutory rights to public records would frustrate important state policies affirming that anyone may request public records. *See* Cal. Gov't Code § 6253(a) ("[E]very person has a right to inspect any public

record"); Ohio Rev. Code § 149.43(B)(1) ("Upon request by any person . . . all public records responsive to the request shall be promptly prepared and made available for inspection to the requester at all reasonable times during regular business hours."). As the Seventh Circuit noted, such a result not only would be inconsistent with the lion's share of cases concerning this issue, but would raise significant federalism concerns.  *See Am. Bank*, 627 F.3d at 264 (calling "a discovery order that has the effect of preempting a state law" "a slap in federalism's face").

## Conclusion

For the foregoing reasons, Pacira respectfully requests the Court reverse the magistrate judge's order and clarify that the Court's discovery stay does not restrict Pacira from investigating its claims outside of discovery—including via public records requests under Ohio and California law.

Dated: September 24, 2021    Respectfully submitted,

LATHAM & WATKINS LLP

 /s/ *Kevin M. McDonough*

Kevin M. McDonough
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: kevin.mcdonough@lw.com

Allen M. Gardner (*pro hac vice*)
Sarah M. Gragert (*pro hac vice*)
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: allen.gardner@lw.com
Email: sarah.gragert@lw.com

*Attorneys for Plaintiff Pacira BioSciences, Inc.*