# MARINO, TORTORELLA & BOYLE, P.C.

ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE
———
ROSEANN BASSLER DAL PRA*
EREZ J. DAVY*
WAN CHA
PATRICK S. SALAMEA

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

888 SEVENTH AVENUE, 9TH FLOOR
NEW YORK, NEW YORK 10019
TELEPHONE (212) 307-3700
FAX (212) 262-0050
e-mail: kmarino@khmarino.com
*OF COUNSEL

October 27, 2021

**VIA ECF**

Honorable Madeline Cox Arleo, U.S.D.J.
United States District Court
Martin Luther King, Jr. Federal
  Building & Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    *Pacira BioSciences, Inc. v. American Society of Anesthesiologists, Inc., et al.*
             Case No. 21-cv-9264-MCA-JSA

Dear Judge Arleo:

      Defendants American Society of Anesthesiologists, Inc. (the "ASA") and Drs. Evan D. Kharasch, Richard Brull, Faraj W. Abdallah, Brian M. Ilfeld, James C. Eisenach, Rodney A. Gabriel, and Mary Ellen McCann respectfully submit this letter in response to Plaintiff, Pacira BioSciences, Inc.'s ("Pacira"), Request for Judicial Notice. For the reasons set forth below, the Court should reject that Request out of hand.

      First, the Request is procedurally improper. Defendants' motion to dismiss the Complaint for failure to state a claim is fully briefed and pending before the Court. Pacira's attempt to stave off dismissal of its deficient pleading by augmenting it with a document—an editorial, no less—that is not only external to that pleading but was written well after it was filed and challenged is both meritless and frivolous. As a general rule, a court faced with such a motion may "consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F. 3d 241, 249 (3d Cir. 2014).

      There are two exceptions to that rule, neither of which obtains here. First, a court can consider the text of an undisputedly authentic document that is integral to a plaintiff's claim. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). In considering the applicability of this exception, "[w]hat is critical is 'whether the claims in the complaint are "based" on an extrinsic document.'" *In re Horsehead Holding Corp. Sec. Litig.*, 2018 WL 4838234, at *9 (D. Del. Oct. 4, 2018), adopted by *In re Horsehead Holding Corp. Sec. Litig.*, 2019 WL 1409454 (D. Del. Mar. 28, 2019). Pacira's claims are obviously not based on the just published editorial it now trumpets. Second, Fed. R. Evid. 201(b) permits a court to take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." In such circumstances, a court may take judicial notice of a document's existence but must not take notice of the truth of any matters that can be reasonably contested. *See Pennsylvania Dep't of Human Servs. v. United States*, 897 F.3d 497, 514 (3d Cir. 2018). Beyond asking the Court to consider as part of its Complaint a document that

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Madeline Cox Arleo, U.S.D.J.
October 27, 2021 – Page 2

did not even exist when it was written—much less form the basis of that pleading—Pacira asks the Court to credit the *substance* of that document as part of its Complaint.  As such, the Request falls within neither exception to the general rule that a Complaint must be judged on its allegations, exhibits and matters of public record.

Beyond its manifest procedural infirmity, Pacira's Request is substantively unavailing.  The editorial it asks the Court to treat as part of its Complaint concerns studies, meta-analyses, and other papers that rely on ***falsified*** data—*i.e.*, primary data from randomized trials or retrospective patient analyses and ***falsified or fraudulent*** peer review.  As noted in Defendants' briefing, such conduct, which is not at issue in this case, raises far different policy, First Amendment, and other legal concerns.  As such, the editorial has no bearing on any of Pacira's claims regarding the ASA articles at issue in this case.  Pacira's attempt to bolster its allegations regarding those articles based on an editorial regarding falsified data is, on its face, untenable.

For these reasons, the Court should deny Pacira's Request for Judicial Notice and decide Defendants' motion to dismiss based on the parties' respective submissions on that motion.  Thank you for your consideration of this letter.

Respectfully submitted,

Kevin H. Marino